IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

NO: ___ : ___ -CV- _____ - ____

| | |
|---|---|
| ZANDRA ADAMS ) | |
|     PLAINTIFF, ) | |
| ) | |
| ) | COMPLAINT |
| V. ) | |
| ) | |
| ) | |
| THE CITY OF RALEIGH, NORTH ) | |
| CAROLINA ) | |
|     DEFENDANT. ) | |

COMES NOW Plaintiff, ZANDRA ADAMS, (herein "Plaintiff"), by and through undersigned counsel, Renorda Pryor, files this Complaint for relief against Defendants, City of Raleigh, North Carolina (herein "Defendant") for unlawful employment discrimination prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (herein "Title VII") and alleges as follows:

### **PARTIES**

1. Plaintiff Zandra Adams, is an African American woman, at all relevant times, has been and is an individual residing in Raleigh, North Carolina, and a citizen of the United States.

2. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendant City of Raleigh, North Carolina is a governmental body created and authorized pursuant to the laws of the State of North Carolina. The City of

Raleigh's Human Resource Department is within the agency of the City of Raleigh, North Carolina. The City of Raleigh, North Carolina is located at 222 West Hargett Street, Raleigh, North Carolina 27602.

3. Defendant City is an "employer" as defined in 29 U.S.C. §203(d). Defendant is an "enterprise engaged in commerce" as defined in 29 U.S.C. §203(s) and also is a "public agency," as defined in 29 U.S.C. §203(x).

## VENUE AND JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because this civil action arises under the laws of the United States, namely 42 U.S.C. §§1981 and 2000a.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the events giving rise to the claims occurred herein and the Defendant maintains its principal place of business in the judicial district.

## FACTS

6. On or about November 29, 2018, Defendant posted a part time position for Administrative Support Specialist with a closing date of December 2, 2018 within their Human Resources Department. On or about May 14, 2014, Defendant classified the salary range commensurate with the essential duties and responsibilities and qualifications. The salary range for the Administrative Support Specialist was $15.08 - $25.02 per hour.

7. Plaintiff applied timely and interviewed for the position where she was provided an understanding of the main duties that would entail the posted position.

8. Plaintiff was hired on or about January 9, 2019 by Defendant as an employee within the Human Resources Department as an Administrative Support Specialist. She was hired in the Human Resources Department as a temporary part-time employee within the Benefits Division. Her main responsibility was to manage the significant backlog of filing.

9. Plaintiff was hired by the Defendant as a temporary employee for at least 20 hours each week at $15.00 per hour. The position was a part-time temporary one that would end when the backlog of filing project ended. Within the Administrative Support Specialist position, Plaintiff's duties included but were not limited to organizing and indexing the backlog of files. Plaintiff exceeded the expectation of the hiring duties to include but not limited to reassessing the system and managing new policies and protocols for the filing system.

10. On or about May 2019, Defendant's front desk temporary employee separated from the Defendant.

11. On or about May 2019, Defendant's employee Executive Management Coordinator Jayna Victor ("Victor") and Benefits Manager, Catherine Franklin ("Franklin"), asked Ms. Adams to transfer her part time duties from managing the filing system to managing the front desk. Franklin was Plaintiff's direct supervisor and the manager who hired Plaintiff. Plaintiff is informed and

believes that Victor is a Caucasian American and Franklin is a Caucasian American.

12. As an Administrative Support Specialist for the front desk, Plaintiff's duties would include but not limited to answering the phones, greeting visitors, and distributing the mail. Plaintiff utilized her previous professional skills and experience through her superior work as Administrative Support Specialist for the front desk. Plaintiff exceeded the necessary skills due to her fifteen years of previous customer service experience by answering Benefit questions, triaging calls to Benefit Specialist and Business partners, and managing calls and calendar for the Senior Benefit Specialist. All these duties were not required by the Defendant nor did the Defendant provide Plaintiff with training to meet the exceeded expectations.

13. Plaintiff is informed and believes that the Administrative Support Specialist for the front desk was not a full-time position. Defendant concluded that they would hire two temporary employees rather than a full-time employee to staff the Administrative Support Specialist position for the front desk receptionist within the Human Resource Department.

14. Defendant Franklin and Human Resources Talent Manager Marianne Sweden ("Sweden") posted the part time position and sought applications for two vacancies. Plaintiff is informed and believes that Sweden is a Caucasian American.

15. At all times relevant, Plaintiff is employed with Defendant as an Administrative Support Specialist for the front desk reception in a temporary capacity which is exactly the position that Defendant's employees Franklin and Sweden posted.

16. On or about June 1, 2019, Defendant's employees Franklin and Sweden selected one of the applicants for the position that was posted for two vacancies, Diane Carter ("Carter"). Carter is hired for the Administrative Support Specialist position for the front desk reception at the hourly rate of $20.00. Defendant's employee Sweden negotiated the higher rate of salary for Carter even with the consideration of other part-time employees in the relevant department such as Plaintiff, salary desired and parking expenses. Ms. Carter was provided a higher rate of pay before she was able to learn new skills within the employment or demonstrate a superior level of customer support. Plaintiff is informed and believes that Carter is a Caucasian American.

17. At all times relevant, Plaintiff's salary was not negotiated nor increased after working six months. Plaintiff was not offered an increase for parking expenses as Carter. Plaintiff also did not receive any negative performance evaluation nor demotions while working with Defendant Sweden or Franklin. Plaintiff's employment record does not advise of Defendant's employees Sweden or Franklin complaints of missed work, late work, nor warnings for missed administrative task.

18. Plaintiff resigned and was not terminated by Defendant on or about August 15, 2019.

19. On or about October 7, 2019, Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC) regarding the Defendant's alleged discriminatory conduct.

20. On March 3, 2020, the EEOC issued a Notice of Right to Sue letter, which was received on March 5, 2020. (Attachment A)

## CAUSE OF ACTION

## COUNT I

## 42 U.S.C. §1981

21. Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 18 as if such allegations were set forth herein in their entirety.

22. The City of Raleigh, North Carolina is an Equal Opportunity Employer and has adopted a policy based on the State of North Carolina's Equal Employment Opportunity policy which states in part that equal employment opportunities are to be given to all employees and applicants for employment and prohibits discrimination, harassment or retaliation based on race, religion, color, national origin, ethnicity, sex, pregnancy, gender identity or expression, sexual orientation, age, political affiliation, National Guard or veteran status, genetic information or disability.

23. Under longstanding law, courts have held Defendants in the implementation of employment and personnel decisions, liable for the violation of the Title VII of the Civil Rights Act of 1964. Title VII of the Civil Rights Act of 1964 ("Title VII") tolerates no racial discrimination, subtle or otherwise. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. §2000 et seq.

24. In establishing a prima facie case of discrimination in pay an employee must show:

    i. She is a member of a protected class;

    ii. She is as qualified as employees not of the protected class; and

    iii. She was paid less than other comparably qualified employees. *Trusty v. Maryland*, 28 Fed.Appx. 327 (2002).

25. Race-discrimination claims under Title VII and 42 U.S.C.A. § 1081 are subject to the burden-shifting framework of *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), Plaintiff must carry the initial burden under the statute of establishing a prima facie case of racial discrimination by showing:

    i. That she belongs to a racial minority;

    ii. That she suffered adverse employment action;

    iii. She was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and

      iv. The position was filled by similarly qualified applicants outside the protected class. *James v. Verizon*, 792 F.Supp.2d 861, 43 NDLR P 128 (2011).

26. Ms. Adams is African American and therefore a member of a protected class.

27. The City of Raleigh, North Carolina is a governmental body created and authorized under the laws of the State of North Carolina. Defendant is an "employer" within the meaning of 42 U.S.C. §2000e(b).

28. Plaintiff was hired for the Administrative Support Specialist position within Defendant's Human Resources Department and when the receptionist position was vacant, Ms. Adams was recommended by Sweden and Franklin to move to the front desk reception position.

29. In fact, Defendant's employee Franklin made the decision to move Plaintiff to the front desk noting that the job required a greater customer service focus, knowledge of Benefit open enrollment and fielding questions to free up Benefits full time staff.

30. Plaintiff, an African American, was hired at a rate of pay of $15.00 per hour on or about January 9, 2019.

31. Carter, a Caucasian American, was hired at a rate of pay of $20.00 per hour on or about June 1, 2019.

32. Plaintiff was performing the same functions of front desk receptionist when Carter was hired as the other part time temporary employee by Defendant.

33. Therefore, Defendant subjected Ms. Adams to racially biased behavior and discriminated against Ms. Adams on the basis of race in violation of Title VII, 42 U.S.C. §2000e-2(a).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that the court grant the following relief:

1. Enjoin Defendant City of Raleigh, North Carolina from:
    a. Subjecting employees to discrimination and harassment based on race; and
    b. Retaliating against employees who engage in activity protected under Title VII;
2. Order Defendant City of Raleigh, North Carolina to develop and implement appropriate and effective measures designed to prevent discrimination, harassment, and retaliation, including but not limited to policies and training for employees and managers;
3. Order Defendant City of Raleigh, North Carolina to develop appropriate and effective measures for hiring, employee performance measures and receipt of complaints of discrimination, harassment, and retaliation as well as a process for investigating such complaints;
4. Order Defendant City of Raleigh, North Carolina to provide cultural sensitivity training for all its employees and management staff; and
5. Award compensatory damages, punitive damages, and reasonable attorneys' fees and costs in an amount to be determined at trial and

6. Such other legal or equitable relief as this Court deems just and proper under all the circumstances contained herein.

## JURY DEMAND

Plaintiff demand a trial by jury.

Respectfully submitted this 3rd day of June, 2020.

      /s/ Renorda Pryor
RENORDA E. PRYOR
Attorney and Counselor for Ms. Adams
Law Office of Duane K. Bryant
1207 Brentwood Street
High Point, NC 27260
Tele: 336-887-4804
Fax: 919-355-4976
Email: rpryor@herringlawcenter.net
North Carolina Bar No. 36814

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

NO: ___ : ___ -CV- _____ - _____

| | | |
|---|---|---|
| ZANDRA ADAMS | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| | ) | COMPLAINT |
| V. | ) | |
| | ) | |
| | ) | |
| THE CITY OF RALEIGH, NORTH | ) | |
| CAROLINA | ) | |
|     DEFENDANT. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing SUMMONS AND COMPLAINT was served upon counsel of record with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Dorothy V. Kibler, Esq.
> Deputy City Attorney
> Raleigh City Attorney's Office
> P.O. Box 590
> Raleigh, NC 27602

Respectfully submitted this the 3RD day of June, 2020.

> /s/ Renorda Pryor
> RENORDA E. PRYOR
> Attorney and Counselor for Ms. Adams
> Law Office of Duane K. Bryant
> 1207 Brentwood Street

High Point, NC 27260
Tele: 336-887-4804
Fax: 919-355-4976
Email: rpryor@herringlawcenter.net
North Carolina Bar No. 36814